**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Jeffrey Daniel Eschmann — Case No. 26-31154

Debtor(s). — Chapter 13

---

## NOTICE OF CONFIRMATION HEARING

---

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on December 17, at 11:00am U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South Fourth Street Minneapolis, MN 55415.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated: October 30, 2026

LIFE BACK LAW FIRM, P.A.

/e/ MADISON D. NEWBERG #0504467
Attorney for Debtor(s)
6445 Sycamore Court North
Maple Grove, Minnesota 55369
(320) 252-0330
Madison@lifebacklaw.com

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Jeffrey Daniel Eschmann**

Case No.
CHAPTER 13 PLAN ☑ Modified
Dated **October 16, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $( **2,800.00** ). including balance on hand of (**$2,592.52**).

2.2 After the date of this plan, the debtor will pay the trustee $**16,000.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $500.00 | 10/2026 | 05/2029 | 32 | $16,000.00 |
| | | | PART 2.2 SUBTOTAL: | $16,000.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **NONE** .
2.5 The debtor will pay the trustee a total of $ **18,800.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **1,880.00** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

Local Form 3015-1
REVISED 09/2025

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | Millennium Management LLC. | Residential Lease |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | One Main Financial | 2005 Ford F150 | 0.00 | 0.00 | 09/26 | Pro Rata | Pro Rata | 0.00 | $0.00 | $0.00 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | 0.00 | | ☑ Debtor<br>☐ Trustee | | $ | | $ | $0.00 |

TOTAL: $0.00

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | ☐ | | | | | | |

TOTAL: $0.00

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | ☐ | | | | | | |
| | | | | | | | | | TOTAL: | $0.00 |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Attorney Fees | $4,000.00 | 10/26 | $571.43 | 7 | $4,000.00 | $0.00 | $4,000.00 |
| 8.2 | Internal Revenue Service | $539.77 | 10/26 | Pro Rata | Pro Rata | $539.77 | $0.00 | $539.77 |
| 8.3 | MN Dept of Revenue | $5,391.11 | 10/26 | Pro Rata | Pro Rata | $8,815.00 | $0.00 | $5,391.11 |
| | | | | | | | TOTAL | $9,930.88 |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 9.1 | **Kari Eschmann** | $1.00 | 10/26 | Pro Rata | Pro Rata | $1.00 | $0.00 | $1.00 |
| | | | | | | | TOTAL | $1.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata

basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $50,079.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $50,079.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 13.95% |

| | |
|---|---|
| Estimated remaining payments | $6,988.12 |
| *+ amount paid to date by trustee (mod. plan only)* | $0.00 |
| = TOTAL estimated payments | $6,988.12 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | -NONE- | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.<br><br>APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.<br><br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |

Local Form 3015-1
REVISED 09/2025

| | |
|---|---|
| | All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | 1,880.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 7] | $ | 0.00 |
| Priority claims [Part 8] | $ | 9,930.88 |
| Domestic support obligation claims [Part 9] | $ | 1.00 |
| Separate classes of unsecured claims [Part 10] | $ | 0.00 |
| Timely filed unsecured claims [Part 11] | $ | 6,988.12 |
| TOTAL (must equal line 2.5) | $ | 18,800.00 |

Certification regarding nonstandard provisions:

I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Madison D. Newberg**
**Madison D. Newberg #0504467**
Attorney for debtor

Signed: **/s/ Jeffrey Daniel Eschmann**
**Jeffrey Daniel Eschmann**
Debtor 1

Signed:
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Jeffrey Daniel Eschmann Case No. 26-31154

Debtor(s).

**SUMMARY OF AMENDMENTS TO VOLUNTARY PETITION, LISTS, SCHEDULES AND STATEMENTS**

1. Attached to this form are the following amended documents:

- ☐ Petition
- ☐ Schedule A/B
- ☐ Schedule C
- ☐ Schedule D
- ☐ Schedule E/F
- ☐ Schedule G
- ☐ Schedule H
- ☐ Schedule I
- ☑ Schedule J
- ☐ Schedule J-2
- ☑ Summary of assets and liabilities and certain statistical information (note that this Summary MUST BE submitted with any amended schedule)
- ☐ Statement of financial affairs
- ☐ Statement of intention
- ☐ Statement of current monthly income/means test calculation
- ☐ Other (specify):

2. For each amended document attached, clearly identify all changes (additions and deletions) to the amended document when compared with the original or most recent amendment:

Summary of Assets and Liabilities: Changes are underlined and lined out.

Schedule J: Changes are underlined and lined out.

**Fill in this information to identify your case:**

Debtor 1 **Jennifer Lynn Selser**
First Name Middle Name Last Name

Debtor 2 **Kenneth Bruce Selser, Jr.**
(Spouse if, filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: DISTRICT OF MINNESOTA

Case number **26-40407**
(if known)

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1: Summarize Your Assets

| | Your assets<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B | $ **508,700.00** |
| 1b. Copy line 62, Total personal property, from Schedule A/B | $ **99,887.00** |
| 1c. Copy line 63, Total of all property on Schedule A/B | $ **608,587.00** |

### Part 2: Summarize Your Liabilities

| | Your liabilities<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D*... | $ **530,582.52** |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* | $ **33,120.98** |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* | $ **125,386.00** |
| **Your total liabilities** | $ **689,089.50** |

### Part 3: Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* | $ **11,757.00** |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* | $ **3,190.00** ~~**11,107.00**~~ |

### Part 4: Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**
   - ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.
   - ☑ Yes

7. **What kind of debt do you have?**
   - ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.
   - ☐ **Your debts are not primarily consumer debts**. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1 **Jennifer Lynn Selser**
Debtor 2 **Kenneth Bruce Selser, Jr.**

Case number *(if known)* **26-40407**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14. $ **16,516.53**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| **From Part 4 on *Schedule E/F*, copy the following:** | **Total claim** |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ **33,120.98** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | **+**$ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ **33,120.98** |

Fill in this information to identify your case:

Debtor 1 **Jeffrey Daniel Eschmann**

Debtor 2 (Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF MINNESOTA

Case number (If known) **26-31154**

Check if this is:
- [x] An amended filing
- [ ] A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

**12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Your Household

1. **Is this a joint case?**
   - [x] No. Go to line 2.
   - [ ] Yes. **Does Debtor 2 live in a separate household?**
     - [ ] No
     - [ ] Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** [x] No

   Do not list Debtor 1 and Debtor 2. [ ] Yes. Fill out this information for each dependent.............

   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | [ ] No [ ] Yes |
| | | [ ] No [ ] Yes |
| | | [ ] No [ ] Yes |
| | | [ ] No [ ] Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - [x] No
   - [ ] Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

| | | | Your expenses |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 765.00 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ 14.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $ 0.00 |

Debtor 1 **Jeffrey Daniel Eschmann** Case number (if known) **26-31154**

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | **170.00** |
| | 6b. Water, sewer, garbage collection | 6b. $ | **120.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **100.00** |
| | 6d. Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | 7. $ | **600.00** ~~**500.00**~~ |
| 8. | **Childcare and children's education costs** | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | **50.00** |
| 10. | **Personal care products and services** | 10. $ | **50.00** |
| 11. | **Medical and dental expenses** | 11. $ | **40.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | **300.00** ~~**200.00**~~ |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | **150.00** |
| 14. | **Charitable contributions and religious donations** | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | **0.00** |
| | 15b. Health insurance | 15b. $ | **0.00** |
| | 15c. Vehicle insurance | 15c. $ | **127.00** |
| | 15d. Other insurance. Specify: **Pet Insurance** | 15d. $ | **112.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Vehicle registration** | 16. $ | **6.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | **261.00** |
| | 17b. Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. Other. Specify: | 17c. $ | **0.00** |
| | 17d. Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. $ | **0.00** |
| | 20b. Real estate taxes | 20b. $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: **401K Loan** | 21. +$ | **325.00** |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **3,190.00** ~~**2,990.00**~~ |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **3,190.00** ~~**2,990.00**~~ |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **3,690.00** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **3,190.00** ~~**2,990.00**~~ |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | **500.00** ~~**700.00**~~ |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes. Explain here:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: Jeffrey Daniel Eschmann | Case No. 26-31154 |
| Debtor(s). | Chapter 13 |

---

**WITHDRAWAL**

Madison Danyelle Newberg, attorney for debtors, hereby withdraws the following filed September 18, 2026;

1. Docket 21: Modified Chapter 13 Plan and Notice of Confirmation Hearing (re:2 Chapter 13 Plan) filed by Jeffrey Daniel Eschmann. Proof of Service. Confirmation hearing scheduled for 10/22/2026 at 11:00 AM. Location: Courtroom 8 West, 8th Floor, 300 S 4th St, Minneapolis, Judge Katherine A. Constantine. (Newberg, Madison) (Entered: 09/18/2026)

Dated: October 30, 2026

LIFE BACK LAW FIRM, P.A.

/e/ MADISON D. NEWBERG #0504467
Attorney for Debtor(s)
6445 Sycamore Court North
Maple Grove, Minnesota 55369
(320) 252-0330
Madison@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Jeffrey Daniel Eschmann<br>Debtor(s) | Case No. 26-31154<br><br>Chapter 13 |

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 10/30/2026, I did cause a copy of the following document(s), described below:

Notice of Hearing, Modified Ch. 13 Plan, Local Form 1009, Amended Summary & Schedules, Withdrawal Form

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 10/30/2026.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/30/2026

/s/ Madison D. Newberg
Madison D. Newberg
Bar No. 0504467
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
madison@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:
Jeffrey Daniel Eschmann
Debtor(s)

Case No. 26-31154
Chapter 13

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 10/30/2026, I did cause a copy of the following document(s), described below:

Notice of Hearing, Modified Ch. 13 Plan, Local Form 1009, Amended Summary & Schedules, Withdrawal Form

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/30/2026

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 10/30/2026, I caused a copy of the Notice of Hearing, Modified Ch. 13 Plan, Local Form 1009, Amended Summary & Schedules and Withdrawal Form to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Affirm Inc | | | 330 North Brand Blvd | | Glendale CA 91203-2308 |
| Afterpay | | | 760 Market Street, Floor 2 | Unit 2.03 | San Francisco CA 94102-2402 |
| Aspire Credit Card | | | PO Box 105096 | | Atlanta GA 30348-5096 |
| Avant/WebBank | | | 222 North Lasalle Street | Suite 1600 | Chicago IL 60601-1112 |
| Blue Mountain Loans | | | PO Box 11781 | | Santa Rosa CA 95406-1781 |
| BRYANT STATE BANK | | | ATTN BANKRYPTCY | 1500 S HIGHLINE AVE | SIOUX FALLS SD 57110-1003 |
| CFNA | | | Attn: Bankruptcy | Bk11customer Service Po Box 81315 | Cleveland OH 44181-0315 |
| CREDIT FIRST NA | | | PO BOX 818011 | | CLEVELAND OH 44181-8011 |
| Capital One | | | AttN: Bankruptcy | Po Box 30285 | Salt Lake City UT 84130-0285 |
| CashApp | | | 1455 Market St | Suite 600 | San Francisco CA 94103-1332 |
| Celtic Bank | | | 268 South State Street, | Suite 300 | Salt Lake City UT 84111-5314 |
| Citi Bank | | | 309 1/2 W LAKE ST | | Minneapolis MN 55408 |
| Citibank/Best Buy | | | Citicorp Cr SrvsCentralized Bankruptcy | Po Box 790046 | St Louis MO 63179-0046 |
| Concora Credit | | | Attn: Bankruptcy | Po Box 4477 | Beaverton OR 97076-4401 |
| CONTINENTAL FINANCE COMPANY | | | PO BOX 3220 | | BUFFALO NY 14240-3220 |
| Credit One Bank | | | Attn: Bankruptcy Department | 6801 Cimarron Rd | Las Vegas NV 89113-2273 |
| Cws/cw Nexus | | | Attn: Bankruptcy | Po Box 9201 | Old Bethpage NY 11804-9001 |
| Dept Of Education/neln | | | Po Box 82561 | | Lincoln NE 68501-2561 |
| Destiny Credit/Concora Credit | | | PO Box 4477 | | Beaverton OR 97076-4401 |
| FAIRVIEW HEALTH SERVICES | | | 1700 UNIVERSITY AVE W | 6TH FLOOR | SAINT PAUL MN 55104-3727 |
| FIRST NATIONAL BANK | | | ATTN BANKRUPTCY | 1500 S HIGHLINE AVE | SIOUX FALLS SD 57110-1003 |
| FIRST SAVINGS BANK | | | ATTN BANKRUPTCY | 1500 S HIGHLINE AVE | SIOUX FALLS SD 57110-1003 |
| Fst Premier | | | Attn: Bankruptcy | 601 S Minnesota Ave | Sioux Falls SD 57104-4824 |
| Full Circle Financial Services | | | PO Box 2365 | | Oldsmar FL 34677-2193 |
| Genesis FS Card Services | | | Attn: Bankruptcy | Po Box 4477 | Beaverton OR 97076-4401 |
| Imagine Credit | | | Attn: Account ServicesBankruptcy | Po Box 105824 | Atlanta GA 30348-5824 |
| Intercoastal Financial Llc | | | 7954 Transit Rd #136X | | Williamsville NY 14221-4117 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| JEFFERSON CAPITAL SYSTEMS LLC | | | PO BOX 7999 | | SAINT CLOUD MN 56302-7999 |
| Kari Eschmann | | | 902 West Lawn Ave | | Racine WI 53405-2449 |
| Klarna | | | 800 N High St STE 300 | | Columbus OH 43215-1430 |

| | | | | | |
|---|---|---|---|---|---|
| LVNV Funding LLC/Resurgent Capital Servi | | | Resurgent Correspondence, Attn: Bankrupt | Po Box 1269 | Greenville SC 29602-1269 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| LEAFY FINANCIAL LLC | | | PO BOX 1089 | | GRAPEVINE TX 76099-1089 |
| MERRICK BANK | | | Resurgent Capital Services | PO Box 10368 | Greenville SC 29603-0368 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| MN Urology | | | PO Box 9201 | | Minneapolis MN 55480-9201 |
| MNGI DIGESTIVE HEALTH PA | | | PO BOX 14829 | | MINNEAPOLIS MN 55414-0829 |
| Merrick Bank | | | Customer Service | PO Box 9201 | Old Bethpage NY 11804-9001 |
| Messerli & Kramer, PA | | | LVNV Funding LLC | 3033 Campus Dr STE 250 | Minneapolis MN 55441-2685 |
| Midwest Radiology | | | Po Box 812 | | Indianapolis IN 46206-0812 |
| Millennium Managment LLC | | | 708 5th St SE | | Minneapolis MN 55414-2176 |
| MISSION LANE LLC | | | PO BOX 105286 | | ATLANTA GA 30348-5286 |
| OneMain Financial Group, LLC | | | PO Box 3251 | | Evansville IN 47731-3251 |
| OneMain Financial Group, LLC | | | PO Box 981037 | | Boston MA 02298-1037 |
| PORTFOLIO RECOVERY ASSOCIATES LLC | | | PO BOX 41067 | | NORFOLK VA 23541-1067 |
| Plusfinance/cws | | | Attn: Bankruptcy | P.O. Box 653065 | Dallas TX 75265-3065 |
| Premier Bankcard, LLC | | | Jefferson Capital Systems, LLC Assignee | PO BOX 7999 | SAINT CLOUD MN 56302-7999 |
| Quantum3 Group LLC as agent for | | | AXIOM ACQUISITION VENTURES LLC | PO Box 788 | Kirkland WA 98083-0788 |
| Quantum3 Group LLC as agent for | | | Concora Credit Inc. | PO Box 788 | Kirkland WA 98083-0788 |
| Razor Capital LLC | | | 8000 Norman Center Dr | Ste 860 | Bloomington MN 55437-1127 |
| Resurgent Captial Services | | | PO Box 10497 | | Greenville SC 29603-0497 |
| Scolopax, LLC | | | C/O Weinstein & Riley, P.S. | 749 GATEWAY, SUITE G-601 | ABILENE TX 79602-1196 |
| Southeast Client Service Inc | | | 1055 Howell Mill RD NW FL 8 | | Atlanta GA 30318-5557 |
| SPARROW FINANCIAL | | | 9450 SW GEMINI DR | #87446 | BEAVERTON OR 97008-7105 |
| Springlf Fin | | | Po Box 1010 | | Evansville IN 47706-1010 |
| TSI | | | PO BOX 17221 | | Wilmington DE 19850-7221 |
| Tbom/cci Mc | | | Attn: Bankruptcy | 906 N. Kingshighway | Perryville MO 63775-1204 |
| Tilt | | | Attn: Bankruptcy | 9169 W State St., Pmb 499 | Garden City ID 83714-1733 |
| U.S Department of Education c/o Nelnet | | | 121 South 13th Street | | Lincoln NE 68508-1911 |
| USCB INC | | | ATTN ADMIN | 355 S GRAND AVENUE 32ND FLOOR | LOS ANGELES CA 90071-1550 |
| WI Dept of Corrections | | | Supervision Fees | BOX 93353 | Milwaukee WI 53293-3353 |
| WebBank | | | PO Box 105555 | | Atlanta GA 30348-5555 |
| Webbank/onemain/fis | | | Po Box 3316 | | Evansville IN 47732-3316 |
| Wells Fargo | | | AttnL Bankruptcy MAC x2303-01A | PO Box 441169 | Des Moines IA 50306 |
| Jeffrey Daniel Eschmann | | | 437 Fry St | | Saint Paul MN 55104-3706 |
| Jesse A. Horoshak | | | LifeBack Law Firm, PA | 6445 Sycamore Court North | Maple Grove MN 55369-6028 |